UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at PIKEVILLE

CIVIL ACTION NO. 08-122-GFVT

JIMMY DAVIS,                                                                                              PLAINTIFF,

V.   **MAGISTRATE JUDGE'S REPORT
     AND RECOMMENDATION**

MICHAEL J. ASTRUE,
Commissioner of Social Security,                                                          DEFENDANT.

## I. INTRODUCTION

Plaintiff, Jimmy Davis, brings this action under 42 U.S.C. § 405(g) to challenge the Defendant Commissioner's final decision denying Plaintiff's application for a period of disability, disability insurance benefits (DIB) and supplemental security income (SSI). This matter has been referred to the undersigned for preparation of a report and recommendation pursuant to 28 U.S.C. § 636 (b)(1)(B). [R. 14, 15]. Now ripe for decision on the parties' motions for summary judgment, and for the reasons set forth herein, it is recommended that the Plaintiff's Motion for Summary Judgment [R. 10] be denied, the Defendant's Motion for Summary Judgment [R. 13] be granted, and that Judgment be entered affirming the final decision of the Commissioner.

## II. FACTUAL BACKGROUND & PROCEDURAL HISTORY

The Plaintiff was born in 1956 and was 49 years old on the date of the Administrative Law Judge's decision. [Tr. 34, 78]. The Plaintiff completed high school and reports no specialized job training. [Tr. 92]. The Plaintiff currently lives with his mother, he has no minor children living in

his home, and his wife is deceased. [Tr. 354-55]. He lists his employment experience as follows: a truck driver for a construction business from 1976 to 1981 [Tr. 88]; truck driving and equipment set-up for a durable medical equipment supply company from 1981 to 1993 [Tr. 88, 112]; and as a manger with a durable medical supply company from 1993 until 1997. [Tr. 88, 111].

In his Disability Report, Form SSA-3368, the Plaintiff claimed his work ability was limited due to anxiety, depression and an injury sustained in a motor vehicle accident. [Tr. 87]. As a result of his impairments, the Plaintiff protectively filed for a period of disability, DIB and SSI on January 16, 2004. [Tr. 78-80]. His claims were denied initially in June of 2004 [Tr. 49, 65-68], and on reconsideration in November of 2004. [Tr. 51, 71-73]. After denial of his claims, he requested a hearing in front of an Administrative Law Judge (ALJ). On February 14, 2006, a hearing was held in front of ALJ James D. Kemper, Jr. in Prestonsburg, Kentucky. [Tr. 350-372]. The Plaintiff testified at the hearing, and was represented by counsel, Clarissa Friend. [Tr. 350].

The ALJ ruled against the Plaintiff in an opinion dated August 22, 2006. [Tr. 23-35]. The ALJ found that the Plaintiff suffered from the following severe impairments: "residuals of prior humerus fracture status post motor vehicle accident and unspecified depressive disorder (20 C.F.R. 4040.1520(c) and 416.920(c))." [Tr. 26]. Despite these impairments, the ALJ found that "[t]he claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1." [Tr. 27]. Continuing with his evaluation, the ALJ found that the Plaintiff retained the residual functional capacity to perform a range of medium exertional work activity, with limitations. [Tr. 30]. The ALJ then held that the Plaintiff was incapable of returning to any of his past relevant work, but that there were "jobs that exist in significant numbers in the national economy that the claimant can perform." [Tr. 34].

Based on the foregoing findings, the ALJ determined that the Plaintiff was not "disabled" as defined by the Social Security Act. [Tr. 35]. Following the adverse decision of the ALJ, the Plaintiff properly exhausted his administrative remedies by appealing to the Social Security Appeals Council, which denied his request for review. [Tr. 5-7].

On June 10, 2008, the Plaintiff initiated the present action by filing a Complaint in the United States District Court for the Eastern District of Kentucky. [R. 2]. The parties subsequently filed cross-motions for summary judgment. [R. 10, 13]. This matter was then referred to the undersigned for preparation of a report and recommendation. [R. 14, 15]. The parties having fully briefed the issues, this matter is ripe for adjudication.

### III. STANDARD OF REVIEW

A reviewing court must uphold the findings of the ALJ if they are supported by substantial evidence. 42 U.S.C. § 405(g)(2006); see also Kirk v. Sec'y of Health & Human Servs., 667 F.2d 524, 535 (6th Cir. 1981). The Sixth Circuit has held that "substantial evidence exists when a reasonable mind might accept the relevant evidence as adequate to support a conclusion." Warner v. Comm'r of Soc. Sec., 375 F.3d 387 (6th Cir. 2004) (internal quotations and citations omitted). The scope of judicial review is limited to the record itself, and the reviewing court "may not try the case de novo, nor resolve conflicts in evidence, nor decide questions of credibility." Hogg v. Sullivan, 987 F.2d 328, 331 (6th Cir. 1993).

The limited nature of substantial evidence review prevents the reviewing court from substituting its judgment for that of the ALJ. Rather, so long as substantial evidence exists, the reviewing court should affirm the ALJ's decision "even if there is substantial evidence in the record that would have supported an opposite conclusion." Longworth v. Comm'r Soc. Sec. Admin., 402

3

F.3d 591, 595 (6th Cir. 2005) (internal quotations and citations omitted). Sixth Circuit precedent suggests that a finding of "no substantial evidence" would be appropriate in situations where the ALJ ignores uncontested, compelling evidence for one side, makes no express findings on witness credibility and makes a ruling based on facts with "little if any evidentiary value." Noe v. Weinberger, 512 F.2d 588 (6th Cir. 1975); see also, Glass v. Sec'y of Health, Educ. & Welfare, 517 F.2d 224 (6th Cir. 1975). Otherwise, if there is substantial evidence to support the ALJ's decision, "it must be affirmed even if the reviewing court would decide the matter differently." Cutlip v. Sec'y of Health & Human Servs., 25 F.3d 284, 286 (6th Cir. 1994).

## IV. ANALYSIS

The Plaintiff argues herein that the ALJ's opinion impermissibly rested upon the Plaintiff's failure to seek or pursue medical treatment, which the Plaintiff alleges is the result of his personal financial difficulties. [R. 10, Memo. at 2-3]. The Plaintiff cites SSR 96-7p for the proposition that the ALJ "may need to recontact the individual or question the individual at the administrative proceeding in order to determine whether there are good reasons the individual does not seek medical treatment or does not pursue treatment in a consistent manner." [Id.]. The Commissioner refutes the Plaintiff's contention, arguing that the ALJ complied with the regulations in making his credibility finding. [R. 13].

> The ALJ made the following specific finding regarding the Plaintiff's credibility:
>
> After considering the evidence of record, the undersigned finds that the claimant's medically determinable impairments could reasonably be expected to produce the alleged symptoms, but that the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely credible.

[Tr. 31]. The regulations set forth a detailed list of factors that must be taken into account when

making a credibility decision. See 20 C.F.R. § 404.1529(c)(1)-(3). An ALJ may not satisfy the requirements of the regulations by simply reciting these factors, but rather, he must state "specific reasons for the finding on credibility, supported by the evidence in the case record, [which] must be sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statement and the reasons for that weight." SSR 96-7p, "Policy Interpretation Ruling Titles II and XVI: Evaluation of Symptoms in Disability Claims: Assessing the Credibility of an Individual's Statements."(July 2, 1996).

It is clearly established that a reviewing court is to accord the ALJ's credibility determinations "great weight and deference, particularly since an ALJ is charged with the duty of observing the witness's demeanor and credibility." Jones v. Comm'r of Soc. Sec., 336 F.3d 469, 476 (6th Cir. 2003). The ALJ's credibility determination is particularly important in any case involving a "determination of disability based on pain [because such a case] by necessity depends largely on the credibility of the claimant." Villarreal v. Sec'y of Health and Human Servs., 818 F.2d 461, 463 (6th Cir. 1987) (internal quotation and citation omitted). Even though it is entitled to great deference, an ALJ's assessment of credibility must be supported by substantial evidence. See Beavers v. Sec'y of Health, Educ. & Welfare, 577 F.2d 383, 386-87 (6th Cir. 1978).

The Court finds that the ALJ complied with the requirements of SSR 96-7p, and that his credibility finding is supported by substantial evidence; he correctly identified the factors to be analyzed, and set forth his rationale in a clear and specific fashion. [Tr. 13-19]. The factors specifically enunciated by the ALJ were:

    1.    the extent of the claimant's daily activities;
    2.    the location, duration, frequency, and intensity of the symptoms;
    3.    precipitating and aggravating factors;

    4.       type, dosage, effectiveness, and adverse side effects of medication;
    5.       treatment, other than medication, for relief of the symptoms;
    6.       any measures other than treatment the claimant uses or has used to relieve his pain or other symptoms;
    7.       any other factors concerning the claimant's functional limitations and restrictions due to pain or other symptoms.

[Tr. 30 *citing* SSR 96-7p]. The ALJ's opinion specifically addresses these factors by examining the evidence of record, including medical evidence and the testimony of the Plaintiff.

Despite the Plaintiff's contention to the contrary, the ALJ's credibility assessment does not represent the sort of unsubstantiated, conclusory findings that are forbidden by the regulations. See SSR 96-7p. While the ALJ mentioned that he considered the *level* of treatment the Plaintiff received, his opinion did not rest upon the Plaintiff's allegedly excusable non-compliance with treatment. Rather, among other things, the ALJ noted that the Plaintiff was "currently manag[ing] his pain with over-the-counter medications" and that "current records indicate that his mood has remained relatively stable throughout the course of his treatment, even despite numerous psychosocial stressors (Exhibits B12F and B23F)." [Tr. 31]. Indeed, the Plaintiff himself acknowledges that "the ALJ gave other reasons for rejecting the Plaintiff's credibility." [R. 10, Memo. at 2, n.1]. The ALJ's findings represent a detailed analysis of the evidence, within the framework set forth in SSR 96-7p; such detailed, reasonable explanations should not be second-guessed by this Court on review and do not provide a basis for reversal of the ALJ's decision. See Sadler v. Comm'r of Soc. Sec., 1999 WL 137621 at *3 (6th Cir. 1999).

A reviewing court should "decline to give substantial deference to [an] ALJ's unexplained credibility finding." Harris v. Heckler, 756 F.2d 431, 436 (6th Cir. 1985). Otherwise, the credibility finding of an ALJ should rarely be disturbed. See Kirk v. Sec'y of Health & Human Servs., 667 F.2d

254 (6th Cir. 1981).The ALJ's finding in this case is supported by substantial evidence. The ALJ supported his credibility finding with accurate citations to the medical record and to the factors enunciated in 20 CFR § 404.1529 and SSR 96-7p. This Court must, therefore, accord the credibility finding the high level of deference to which it is normally entitled.

## V. CONCLUSION

For the foregoing reasons, it is recommended that the Plaintiff's Motion for Summary Judgment [R. 10] be DENIED, the Defendant Commissioner's Motion for Summary Judgment [R. 13] be GRANTED, and that Judgment be entered affirming the final decision of the Commissioner.

Specific objections to this Report and Recommendation must be filed within ten days from the date of service thereof or further appeal is waived. United States v. Campbell, 261 F.3d 628, 632 (6th Cir. 2001); Bituminous Cas. Corp. v. Combs Contracting Inc., 236 F. Supp. 2d 737, 749-750 (E.D. Ky. 2002). General objections or objections that require a judge's interpretation are insufficient to preserve the right to appeal. Cowherd v. Million, 380 F.3d 909, 912 (6th Cir. 2004); Miller v. Currie, 50 F.3d 373, 380 (6th Cir. 1995). A party may file a response to another party's objections within ten days after being served with a copy thereof. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b).

Signed April 10, 2009.



**Signed By:**
*Edward B. Atkins*  EBA
**United States Magistrate Judge**