UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

| | | |
|---|---|---|
| JIMMY DAVIS, | ) | |
| | ) | |
| Plaintiff, | ) | Civil No. 08-122-GFVT |
| | ) | |
| V. | ) | |
| | ) | |
| MICHAEL J. ASTRUE, | ) | **ORDER** |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Jimmy Davis brought this action pursuant to 42 U.S.C. §405(g) to challenge a final decision of the Defendant, the Commissioner of Social Security ("Commissioner"), which denied his application for disability insurance benefits. [R. 2.] Consistent with the Court's practice and pursuant to 28 U.S.C. § 626(b)(1), this matter was referred to United States Magistrate Judge Edward B. Atkins for the issuance of a Report and Recommendation ("R & R") containing the proposed findings and recommendations. [R. 14.]

Magistrate Judge Atkins filed his Report and Recommendations ("R&R"), and concludes that the decision of the administrative law judge ("ALJ") was supported by substantial evidence. [R. 16.] Specifically, the R&R concludes that the ALJ complied with the requirements of SSR 96-7p and made a credibility finding that is supported by substantial evidence. [*Id.*]

This Court must make a *de novo* determination of those portions of the R & R to which objections are made. 28 U.S.C. § 636(b)(1)(c). Davis objects to the Magistrate Judge's finding that the ALJ's opinion did not rest upon Davis's "excusable non-compliance with treatment." [R. 17.] Davis argues that the ALJ erred in evaluating Davis's credibility because he failed to

consider Davis's ability to afford medical care. Davis argues that the ALJ must weigh his inability to afford treatment in his favor when determining credibility. *See* SSR 96-7p (instructs the Social Security Administration to consider the claimant's reasons, including the inability to afford treatment, for failing to pursue regular treatment). The Commissioner did not file a response.

The ability to afford treatment is not the only factor in determining the claimant's credibility. Credibility is a function of "all of the evidence in the case record." SSA 96-7p. The ALJ must consider statements from physicians, the entire medical record, and observations recorded by SSA employees. *Id.* Here, the ALJ found Davis's statements not credible as to the limiting effects of Davis's symptoms. [R. 31.] The ALJ gave specific reasons for his findings, citing to "the objective findings of record" and "[Davis's] level of treatment." Although the ALJ cited Davis's level of treatment as inconsistent with the limiting effects of his symptoms, he goes on in his opinion to focus on the objective medical evidence. [Tr. 31-32.] Specifically, the ALJ emphasized the results of Dr. Johnson's testing, which indicate Davis's symptoms are exaggerated. [Tr. 31.] Further, the ALJ considered other factors, such as the fact that Davis is managing his paint with over-the-counter medications and Davis's stable mood throughout treatment, despite existing stressors. [Tr. 31.] In sum, the ALJ's failure to consider Davis's ability to afford medical treatment was a harmless error because the ALJ based Davis's credibility on various factors, not just on Davis's lack of frequent medical treatment.

Furthermore, the record indicates that Davis was able to afford medical treatment on various occasions. Davis received medical treatment and testing from 1997 to 2006. [Tr. 139-145, 148-155, 189, 190-255, 283-310.] Davis's medical treatments and visits are noted

2

throughout the ALJ's opinion. [Tr. 26-33.]

Having made a *de novo* determination, the Court is in agreement with the Magistrate Judge's R &R. [R. 16.] Accordingly, the Court being sufficiently advised, it is hereby **ORDERED** as follows:

1 The Plaintiff's Objection to the Magistrate's Report and Recommendation [R. 17] is **OVERRULED**;

2 The Magistrate Judge's Report and Recommendation [R. 16] is **ADOPTED** as and for the opinion of this Court;

3 The Plaintiff's Motion for Summary Judgment [R. 10] is **DENIED**;

4 The Defendant's Motion for Summary Judgment [R. 13] is **GRANTED**; and

5 **JUDGMENT** in favor of the Defendant will be entered contemporaneous herewith.

This the 3rd day of September, 2009.

Signed By:
*Gregory F. Van Tatenhove*
United States District Judge